ing agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* On February 12, 2002, a court entered a judgment against a client of Respondent's in a child support matter. Respondent did not notify the client of the judgment, did not respond to the client's requests for information, and erroneously told the client in August 2002 that no decision had been made. In her response to the Commission's investigation, Respondent made knowingly false representations.

*Count 2.* In 2005, two clients paid Respondent $1,611 to represent them in adopting their granddaughter. Respondent did not file an adoption petition, did not respond to the clients' requests for information, and did not return the $1,611 after the clients terminated her employment. In her response to the Commission's investigation, Respondent made knowingly false representations.

*Count 3.* In 2003, a client retained Respondent to represent her in a pending dissolution action. After the final hearing, the trial court ordered the attorneys to tender proposed findings of fact and conclusions of law, but Respondent failed to do so.

*Other facts.* During the relevant times, Respondent was suffering from clinical depression for which she is now in treatment. Respondent has no prior disciplinary history except a brief suspension for failure to comply with continuing legal education requirements.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.2(a): Failure to consult with the client or to abide by the client's decisions concerning the objectives of representation.

In the Matter of Janice R. **GAMBILL**, Respondent.

No. 45S00–0511–DI–581.

Supreme Court of Indiana.

March 28, 2008.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulat-

1.3: Failure to act with reasonable diligence and promptness.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

1.16(d): Failure to refund advance payment of fees and expenses that have not been earned or incurred.

3.2: Failure to expedite litigation consistent with the interests of the client.

8.1(a): Knowingly making a false statement of material fact in connection with a disciplinary matter.

**Discipline:** The parties agree the appropriate sanction is suspension from the practice of law for six months, with 60 days actively served and the remainder stayed subject to completion of 18 months of probation, described below.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of six months, effective May 9, 2008, with 60 days actively served** and the remainder stayed subject to completion of 18 months of probation. During this period of probation, Respondent shall continue to receive counseling, shall execute a monitoring agreement with the Judges and Lawyers Assistance Program, and shall continue to have her legal practice monitored by another practicing attorney. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.