In the Matter of Janice R. GAMBILL, Respondent.

No. 64S00–1109–DI–562.

Supreme Court of Indiana.

Sept. 7, 2012.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Sheila M. Moss, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In April 2008, a client retained Respondent to file a legal malpractice action against an Illinois attorney who represented the client in a personal injury case in an Illinois state court, which had been dismissed for want of prosecution. Respondent filed a *personal injury* action for the client in the Northern District of Indiana, which was dismissed as being filed beyond the statute of limitation. Respondent did not respond to the client's requests for information about his legal malpractice action. She then falsely told him a *legal malpractice* action had been filed in the Northern District of Indiana, that the lawyer had a certain deadline to respond to it, giving him the cause number *of the personal injury* action that had been dismissed. She canceled two appointments with the client, and then, on July 13, 2010, filed a *legal malpractice* action against the Illinois attorney in the Northern District of Indiana.

The client terminated Respondent's services and hired new counsel to pursue a legal malpractice action against Respondent. The new counsel also moved to dismiss the action against the Illinois attorney filed by the Respondent and initiated a new action.

A fact in aggravation is Respondent's disciplinary history. While representing clients in three family law matters, Respondent neglected their cases, failed to consult and communicate with the clients, failed to return an unearned fee to one client, and made false statements to the Commission. The Court approved an agreed six-month suspension, with 60 days served followed by at least 18 months of probation. *See Matter of Gambill*, 894 N.E.2d 523 (Ind.2008). Probation is still in effect because she has not yet petitioned for release under Admis. Disc. R. 23(17.1). We note that Respondent was on probation when the current misconduct occurred. Her disciplinary history also includes:

Continuing legal education noncompliance suspension, 4/21/03; reinstated 5/16/03.

64S00–1202–DI–91. Show cause petition filed 2/14/12. Dismissed with costs 3/13/12.

64S00–1204–DI–225. Show cause petition filed 4/17/12. Dismissed with costs 8/17/12.

64S00–1206–DI–351. Show cause petition filed 6/20/12. Dismissed with costs 7/26/12.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.2(a): Failure to abide by a client's decisions concerning the objectives of representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning October 19, 2012.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer; to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson

Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.